UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ELIZABETH OSINOWO,

Plaintiff,

-against-

WHITE GLOVE COMMUNITY CARE, INC. and BARBARA LEFKOWITZ,

Defendants.

Case No.:

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff **ELIZABETH OSINOWO** ("Plaintiff"), by and through her attorneys, FISHER TAUBENFELD LLP, alleges against Defendants **WHITE GLOVE COMMUNITY CARE** ("White Glove", "the Company" or "Corporate Defendant") and **BARBARA LEFKOWITZ** ("Defendant Lefkowitz") (collectively, "Defendants") as follows:

## NATURE OF THIS ACTION

1. This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (FLSA); the Americans with Disabilities Act as Amended (ADA); the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL"); the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.* ("NYCHRL"); the New York Labor Law, N.Y. Lab. Law § 650 *et seq.* ("NYLL") and the New York Commissioner of Labor's Wage Order (the "Wage Orders,") codified at 12 N.Y.C.R.R. 142 *et seq.*

2. Plaintiff seeks damages to redress the losses Plaintiff has suffered as a result of Defendants' retaliation, disability discrimination, hostile work environment, and wage theft.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (original federal question jurisdiction) based on Plaintiff's ADA and FLSA claims.

4. Supplemental jurisdiction over Plaintiff's NYSHRL, NYCHRL, and NYLL claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related to Plaintiff's federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## PARTIES

### *Plaintiff*

6. Plaintiff Elizabeth Osinowo is a resident of the State of New York.

7. Plaintiff was employed by Defendants to work as a clinical case manager within the last six (6) years.

8. At all relevant times hereto, Plaintiff was engaged in interstate "commerce" given that in performing her job she used tools and materials which originated outside of New York State. Accordingly Plaintiff is a covered employee within the meaning of the FLSA.

9. Plaintiff was disabled within the meaning of the ADA, NYSHRL and NYCHRL in that she suffered from a shoulder injury resulting from a car accident on her way to work.

10. At all relevant times, Plaintiff was an "employee" within the meaning of the ADA, NYSHRL and NYCHRL, protected from discrimination and retaliation.

### *Defendant*

11. Corporate Defendant is a home healthcare company doing business in the State of New York.

12. It is a domestic business corporation organized and existing under the laws of the State of New York and maintains its principal place of business at 195 Park Ave/89 Bartlett Street Brooklyn, NY 11206.

13. Upon information and belief, at all times relevant hereto, Defendants operated a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

14. Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

15. At all relevant times hereto, Defendants constituted an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

16. Defendant Lefkowitz is the owner of Corporate Defendant and, upon information and belief, resides in the State of New York.

17. Defendant Lefkowitz possessed sufficient operational control over the Corporate Defendant's operations to be considered Plaintiff's employer under FLSA, NYLL NYSHRL, and NYCHRL.

18. Defendant Lefkowitz also had the authority to hire, fire, discipline, and set the terms and conditions of Plaintiff's employment.

19. Defendant Lefkowitz also had the authority to set Plaintiff's rate of pay and schedule, and upon information and belief, maintained employment records.

20. Defendants employed more than 15 employees for each working day in 20 or more calendar weeks in the current or preceding calendar year. Accordingly, Corporate Defendant is an employer within the meaning of the ADA.

21. At all relevant times, Defendants have been Plaintiff's "employers" within the meaning of NYLL §§ 2 and 651, NYSHRL and NYCHRL.

22. Defendant Lefkowitz is individually liable under NYSHRL, NYCHRL, and NYLL as an employer and under NYSHRL and NYCHRL for aiding and abetting the unlawful conduct described herein.

23. Defendants knowingly and willfully engaged in a policy, pattern or practice of violating the ADA, FLSA, NYLL, NYSHRL and NYCHRL. as detailed in this complaint.

## FACTUAL ALLEGATIONS

### *Background*

24. The Company employed Plaintiff as a Clinical Case Manager from February 17, 2025 to November 25, 2025.

25. Plaintiff was hired directly by Defendant Lefkowitz despite not holding a Registered Nurse ("RN") license, demonstrating that an RN license was not a bona fide requirement of the position.

26. Plaintiff successfully completed onboarding and assumed her full job responsibilities on approximately February 20, 2025.

27. Throughout her employment, Plaintiff was qualified for her position and performed her duties competently and diligently, including training incoming nurses and supporting departmental operations.

***Hostile Treatment***

28. Shortly after Plaintiff commenced employment, Human Resources Manager Odette Harmer ("Harmer") began engaging in a sustained pattern of hostile, demeaning, and inappropriate conduct toward Plaintiff.

29. On March 11, 2025, Harmer ordered food for a company-sponsored event containing ingredients to which Plaintiff is allergic, despite having been previously informed of Plaintiff's allergy. This conduct was repeated on June 12, 2025, and twice on July 1, 2025. There were four incidents in total—demonstrating a willful and escalating disregard for Plaintiff's health and safety.

30. Throughout Plaintiff's employment, Harmer spoke to Plaintiff in a demeaning and condescending manner, publicly undermining Plaintiff's professional authority and role.

31. In or around February 2025, Plaintiff's company identification badge was replaced with one that labeled her as "LPN" rather than her actual title (Clinical Case Manager). No similarly-situated colleague experienced such mislabeling. This action served to demean and diminish Plaintiff's professional standing.

32. In or around April or May 2025, Harmer attempted to issue unauthorized disciplinary action against Plaintiff and conducted an unauthorized performance review.

33. On or about May 26, 2025 and again in or around June 2025, September 2025, and November 2025, Harmer referenced Plaintiff's prior homelessness in professional settings, disclosing Plaintiff's sensitive personal information in a manner calculated to humiliate and distress her.

34. Additionally, Harmer failed to provide the necessary information and documents in order for Plaintiff to receive timely benefits during her disability leave of absence. As a result of Harmer's intentional withholding of information, Plaintiff did not receive her benefits until after her termination.

***Plaintiff's Disability and Accommodation Requests***

35. On approximately May 30, 2025, Plaintiff was involved in an accident resulting in a severe shoulder injury requiring medical treatment, ongoing physical therapy, and ultimately surgery.

36. On September 5, 2025 and again on September 17, 2025, Plaintiff requested a reasonable accommodation in the form of temporary remote work due to her limitations in mobility and ability to drive.

37. On September 9, 2025, Harmer indicated verbally that this accommodation would not be an issue.

38. However, Harmer later told Plaintiff that the accommodation would not be possible after all.

39. On September 22, 2025, Plaintiff formally reported Harmer's misconduct (including the denial of her request for accommodation) to Director of Patient Services Joan Kardos. The complaint was escalated to Chief Executive Officer Defendant Neranjan, who initiated an internal investigation.

40. Defendants never interviewed her and took no remedial action.

***Retaliation***

41. On or about September 9, 2025, Plaintiff commenced a disability leave of absence for shoulder surgery (scheduled for September 10th) and recovery for one to three months thereafter.

42. Three days earlier, on or about September 6, 2025, Plaintiff requested remote work through the duration of her shoulder recovery. Harmer told Plaintiff the accommodation would not be a problem. Accordingly, Plaintiff proceeded to schedule her shoulder surgery.

43. On or about September 11, 2025, Plaintiff followed up to confirm that her accommodation request had been granted.

44. Within a few weeks, Plaintiff was told she would not be able to work remotely.

45. Plaintiff could have performed all the essential functions of her job with the accommodation of working from home while recovering.

46. On September 22, 2025, Plaintiff complained to her assistant director, Ashley James, and to Director Joan Kardos that her request for accommodation had not been granted, among other things.

47. Plaintiff returned to work in person on October 16, 2025.

48. On or about October 30, 2025, Plaintiff fell on her shoulder at work.

49. Plaintiff informed Harmer about the injury so that she could leave work to visit the emergency room.

50. Plaintiff visited the emergency room that same day.

51. Plaintiff worked the next day, Friday, October 31 2025.

52. The following Monday, Plaintiff followed up with her primary care physician who cleared her to return to work.

53. Plaintiff returned to work the next day, November 4, 2025.

54. On November 12, 2025, Defendants issued a disciplinary write-up citing excessive absences including the days Plaintiff took off in connection with her disability.

55. On or about November 18, 2025, Plaintiff complained via email about Defendants' failure to accommodate her, among other things, and requested that a neutral and independent investigation be conducted. Defendants ignored this request.

56. On November 24, 2025, Head of Human Resources/Manager Helen Feldman sent written communication to Plaintiff threatening her employment if she did not "improve" on *alleged* infractions.

57. The very next day, on November 25, 2025, Defendants terminated Plaintiff's employment via telephone.

58. Defendants stated that the reason for Plaintiff's termination was that the department was restructuring to employ only Registered Nurses (RNs).

59. The stated reason is false and pretextual.

60. Plaintiff was hired without an RN license by the Owner of the Company, successfully performed her role for over nine months, and trained RNs during her employment.

***Wage and Hour Violations***

61. Throughout Plaintiff's employment, Plaintiff was scheduled to work Monday through Thursday 9:00 a.m. to 5:00 p.m. and Friday from 9:00 a.m. to 12:30 p.m., with a 45-minute break that she rarely took due to work demands and for which she was not paid.

62. From in or about June to in or about September 2025, Plaintiff worked in the office until 6 p.m. Monday through Thursday.

63. Also, during this time period, there was a backlog of doctor/medical orders that she was required to take home and work on during her own time. Defendants only compensated Plaintiff $10 for each doctor/medical order she handled. Plaintiff was not paid her salary or hourly rate for this time. To make up for the backlog, Plaintiff worked at home Monday to Thursday from approximately 7 p.m. to 1 a.m. and on Fridays from 1:30 p.m. to 5 p.m. or 6 p.m.

64. Although Plaintiff regularly worked more than 40 hours each week during this time period, Defendants never paid her at an overtime premium of 150% of her regular rate.

65. Plaintiff recorded all her hours worked but Defendants manipulated her time to reflect less hours.

66. Although Plaintiff was initially told she would be paid a salary, she was paid an hourly rate of $43.26 instead.

67. Defendants failed to provide Plaintiff with a wage notice in compliance with NYLL § 195, specifying her rate of pay, the basis of pay, allowances (if any) claimed, or the identification of the regular pay day.

68. Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

## COLLECTIVE ACTION ALLEGATIONS

69. Corporate Defendant's failure to comply with the FLSA extended beyond Plaintiff to all other similarly situated employees insofar as Corporate Defendant had a policy to not pay employees for the hours they worked in excess of 40.

70. Plaintiff seeks certification of this action pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of himself, individually, and all other similarly situated current and former individuals performing similar duties for Corporate Defendant.

71. The consent to sue form for Plaintiff is attached as **Exhibit 1**.

72. Upon information and belief, there are at least 30 current and former employees who have been denied proper overtime wage compensation while working for Defendants.

73. At all relevant times, Plaintiff and others who are and/or have been similarly situated, were paid by Corporate Defendant in similar ways, and have been subject to Corporate Defendant's common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the statutorily required overtime compensation for hours worked in excess of 40 per week.

74. The claims of Plaintiff stated herein are similar to those of the other employees.

## CLASS ACTION ALLEGATIONS UNDER FED.R.CIV.P.23(b)(3) FOR VIOLATIONS OF THE NYLL

75. Plaintiff brings this action on behalf of himself and all other persons who were or are employed by Defendants while performing similar tasks and duties to Plaintiff but who did not receive proper overtime pay or proper wage notices in respect to their work for Defendants.

76. Upon information and belief, this class of persons consists of not less than 30 employees, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed.R.Civ.P.23(a)(1).

77. There are questions of law and fact common to the class, which predominate over any questions affecting only individual members, specifically: whether the employment of Plaintiff by Defendants is subject to the jurisdiction and the wage and overtime requirements of the NYLL.

78. The claims of Plaintiff are typical of the claims of the above-described class in that all the members of the class have been similarly affected by the acts and practices of Defendants.

79. Plaintiff will fairly and adequately protect the interests of the members of the class, in that her interests are not adverse to the interests of the other members of the class.

80. A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23(b)(3).

81. Plaintiff brings the Thirteenth cause of action herein on behalf of herself and all other persons similarly situated as a class action pursuant to Fed.R.Civ.P.23, in respect to all claims that Plaintiff and all persons similarly situated have against Defendants under NYLL.

## FIRST CAUSE OF ACTION

**(Failure to Provide a Reasonable Accommodation in Violation of the ADA Against Corporate Defendant)**

82. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

83. Plaintiff is a person with a disability within the meaning of the ADA.

84. Corporate Defendant violated the ADA by failing to provide Plaintiff with a reasonable accommodation.

85. As a proximate result of Corporate Defendant's unlawful conduct, Plaintiff has endured emotional pain, suffering, mental anguish, loss of enjoyment of life, humiliation, and harm to her reputation, and has suffered substantial losses in past and future earnings and other employment benefits.

**SECOND CAUSE OF ACTION**

**(Failure to Provide a Reasonable Accommodation in Violation of NYSHRL Against Defendants)**

86. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

87. Plaintiff is a person with a disability within the meaning of NYSHRL.

88. Defendants violated NYSHRL by failing to provide Plaintiff with a reasonable accommodation for her disability.

89. As a proximate result of Defendants' unlawful conduct, Plaintiff has endured emotional pain, suffering, mental anguish, loss of enjoyment of life, humiliation, and harm to her reputation, and has suffered substantial losses in past and future earnings and other employment benefits.

**THIRD CAUSE OF ACTION**

**(Failure to Provide a Reasonable Accommodation in Violation of NYCHRL Against All Defendants)**

90. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

91. Plaintiff is a person with a disability within the meaning of NYCHRL.

92. Defendants violated the NYCHRL by failing to provide Plaintiff with a reasonable accommodation.

93. As a proximate result of Defendants' unlawful conduct, Plaintiff has endured emotional pain, suffering, mental anguish, loss of enjoyment of life, humiliation, and harm

to her reputation, and has suffered substantial losses in past and future earnings and other employment benefits.

## FOURTH CAUSE OF ACTION

**(Disability Discrimination in Violation of ADA Against Corporate Defendant)**

94. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

95. Plaintiff is a person with a disability within the meaning of the ADA.

96. Based on the foregoing, Defendants willfully violated the ADA by discriminating against Plaintiff because of her disability.

97. As a proximate result of Defendants' unlawful conduct, Plaintiff has endured emotional pain, suffering, mental anguish, loss of enjoyment of life, humiliation, and harm to her reputation, and has suffered substantial losses in past and future earnings and other employment benefits.

## FIFTH CAUSE OF ACTION

**(Disability Discrimination in Violation of NYSHRL Against Defendants)**

98. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

99. Plaintiff is a person with a disability within the meaning of the NYSHRL.

100. Based on the foregoing, Defendants willfully violated the NYSHRL by discriminating against Plaintiff because of her disability.

101. As a proximate result of Defendants' unlawful conduct, Plaintiff has endured emotional pain, suffering, mental anguish, loss of enjoyment of life, humiliation, and harm to her reputation, and has suffered substantial losses in past and future earnings and other employment benefits.

## SIXTH CAUSE OF ACTION

**(Disability Discrimination in Violation of NYCHRL Against Defendants)**

102. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

103. Plaintiff is a person with a disability within the meaning of the NYCHRL.

104. Based on the foregoing, Defendants willfully violated the NYCHRL by discriminating against Plaintiff because of her disability.

105. As a proximate result of Defendants' unlawful conduct, Plaintiff has endured emotional pain, suffering, mental anguish, loss of enjoyment of life, humiliation, and harm to her reputation, and has suffered substantial losses in past and future earnings and other employment benefits.

## SEVENTH CAUSE OF ACTION

**(Failure to Engage in the Cooperative Dialogue in Violation of NYSHRL Against Defendants)**

106. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

107. Plaintiff is a person with a disability within the meaning of NYSHRL.

108. Based on the foregoing, Defendants willfully violated NYSHRL by failing to engage in the cooperative dialogue with Plaintiff to determine an accommodation for her disability.

109. As a proximate result of Defendants' unlawful conduct, Plaintiff has endured emotional pain, suffering, mental anguish, loss of enjoyment of life, humiliation, and harm to her reputation, and has suffered substantial losses in past and future earnings and other employment benefits.

## EIGHTH CAUSE OF ACTION

**(Failure to Engage in the Cooperative Dialogue in Violation of NYCHRL Against Defendants)**

110. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

111. Plaintiff is a person with a disability within the meaning of NYCHRL.

112. Based on the foregoing, Defendants willfully violated NYCHRL by failing to engage in the cooperative dialogue with Plaintiff to determine an accommodation for her disability.

113. As a proximate result of Defendants' unlawful conduct, Plaintiff has endured emotional pain, suffering, mental anguish, loss of enjoyment of life, humiliation, and harm to her reputation, and has suffered substantial losses in past and future earnings and other employment benefits.

## NINTH CAUSE OF ACTION

**Retaliation**
**in Violation of ADA**
**Against Corporate Defendant)**

114. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

115. Based on the foregoing, Plaintiff engaged in protected activity.

116. Based on the foregoing, Corporate Defendant willfully violated the ADA by retaliating against Plaintiff because of her protected activity.

117. As a proximate result of Corporate Defendant's unlawful conduct, Plaintiff has endured emotional pain, suffering, mental anguish, loss of enjoyment of life, humiliation, and harm to her reputation, and has suffered substantial losses in past and future earnings and other employment benefits.

## TENTH CAUSE OF ACTION

**Retaliation**
**in Violation of NYSHRL**
**Against Defendants)**

118. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

119. Based on the foregoing, Plaintiff engaged in protected activity.

120. Based on the foregoing, Defendants willfully violated NYSHRL by retaliating against Plaintiff because of her protected activity.

121. As a proximate result of Defendants' unlawful conduct, Plaintiff has endured emotional pain, suffering, mental anguish, loss of enjoyment of life, humiliation, and harm

to her reputation, and has suffered substantial losses in past and future earnings and other employment benefits.

**ELEVENTH CAUSE OF ACTION**

**Retaliation**
**in Violation of NYCHRL**
**Against Defendants)**

122. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

123. Based on the foregoing, Plaintiff engaged in protected activity.

124. Based on the foregoing, Defendants willfully violated NYCHRL by retaliating against Plaintiff because of her protected activity.

125. As a proximate result of Defendant's unlawful conduct, Plaintiff has endured emotional pain, suffering, mental anguish, loss of enjoyment of life, humiliation, and harm to her reputation, and has suffered substantial losses in past and future earnings and other employment benefits.

**TWELFTH CAUSE OF ACTION**

**Overtime Wage Violations under the FLSA**

126. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

127. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

128. At all relevant times hereto, Corporate Defendant had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff and others

similarly situated at one and a half times their regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

129. Plaintiff and others similarly situated seek damages in the amount of her respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## THIRTEENTH CAUSE OF ACTION

### Overtime Wage Violations under NYLL

130. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

131. New York law prohibits an employer from permitting an employee to work without paying overtime wages of 150% of his or her regular rate for all hours worked in excess of forty (40) in any workweek.

132. Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff and others similarly situated at the required overtime rates, one and a half times their regular rate of pay, for hours worked in excess of forty (40) per workweek.

133. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and others similarly situated have sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

**<u>FOURTEENTH CAUSE OF ACTION</u>**

**NYLL Failure to Notify**

134. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

135. Pursuant to §195(1) of the NYLL, within ten business days of Plaintiff and other similarly situated employees' hiring, Defendants were obligated to provide them with a notice describing, inter alia, their hourly regular and overtime rates of pay.

136. Pursuant to §195(3) of the NYLL, Defendants were obligated to provide Plaintiff and other similarly situated employees with a wage statement, along with their pay, that specified their rate of pay, their hours worked, and the pay period.

137. Defendants failed to provide Plaintiff and other similarly situated employees with a notice in accordance with §195 of the NYLL.

138. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and other similarly situated employees have sustained damages and seek damages in accordance with §195 of the NYLL for each week Defendants failed to provide such notice, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

**<u>FIFTEENTH CAUSE OF ACTION</u>**

**NYLL Failure to Pay Straight Time as to all Plaintiffs**

139. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

140. At all relevant times hereto, pursuant to NYLL § 190 et. seq. Defendants were obligated to pay Plaintiff and others similarly situated an hourly rate for each hour they worked and not to divert or withhold any portion of their wages.

141. Defendants failed to pay Plaintiff and others similarly situated their hourly rate for each hour they worked.

142. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and others similarly situated have sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL §§ 663 and 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory damages in an amount to be determined at trial;

B. Back pay, front pay, and damages for all employment benefits Plaintiff would have received but for the discriminatory and retaliatory acts and practices of Defendants;

C. Damages for emotional distress, pain and suffering, mental anguish, loss of enjoyment of life, humiliation, and harm to reputation sustained as a result of Defendants' unlawful conduct;

D. Punitive damages;

E. Liquidated damages pursuant to the FLSA and NYLL;

F. Unpaid wages and overtime compensation pursuant to FLSA and NYLL;

G. Prejudgment interest;

H. Plaintiff's costs and reasonable attorneys' fees pursuant to the FLSA, ADA, NYSHRL, NYCHRL, and NYLL; and

I. Such other and further relief as the Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury on all issues so triable.

Dated: New York, New York
June 25, 2026

Respectfully submitted,

By: /s
________________________________

Liane Fisher, Esq.
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Attorneys for Plaintiff